# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **VINYL TECHNOLOGIES, INC.,**  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>**LASER MECHANISMS, INC.,**  )<br>    Defendant.  )<br>  )<br>**LASER MECHANISMS, INC.,**  )<br>    Counterclaimant,  )<br>  )<br>v.  )<br>  )<br>**VINYL TECHNOLOGIES, INC.,**  )<br>    Counterclaim Defendant.  )<br>  )<br>and  )<br>  )<br>**DIRK BURROWES,**  )<br>    Third-Party Defendant.  )  | **CIVIL ACTION**<br>**No. 13-40017-TSH** |

### ORDER ON DEFENDANT/COUNTERCLAIMANT LASER MECHANISMS, INC.'s MOTION FOR TEMPORARY RESTRAINING ORDER (Docket No. 44)
### MAY 9, 2013

**HILLMAN, D.J.**

### Background

Vinyl Technologies, Inc. has filed a Complaint (Docket No. 1) against Laser Mechanisms, Inc. ("Laser Mech") seeking a declaratory judgment that its product(s) do not infringe Laser Mech's claimed trademark "FiberCUT." Laser Mech has filed Counterclaims

against Vinyl Technologies, Inc. and a Third Party Complaint against Dirk Burrowes ("Burrowes")[1] alleging claims for: Federal Unfair Competition and False Designation of Origin, in violation of 15 U.S.C. §1125(a), Fraud on the United States Patent and Trademark Office, in violation of the Federal Cyberpiracy Prevention Act , 15 U.S.C. §1125(d),  Common Law Trademark Infringement and Unfair Competition, and Unjust Enrichment. *See* Answer and Counterclaims (Docket No. 11).  The Court has previously held a hearing on Defendant/Counterclaimant Laser Mechanisms, Inc.'s Motion For Preliminary Injunction (Docket No. 16).  That motion remains under advisement.  This Order addresses Laser Mech's Motion For Temporary Restraining Order (Docket No. 44)("TRO Motion").

The Court will note that Laser Mech's TRO Motion was served on Vytek, that is, the request has not been made without notice to Vytek.  Additionally, the hearing in conjunction with Laser Mech's motion for a preliminary injunction addressed all of the substantive issues relative to the motion for temporary relief.  Therefore, the Court does not find it necessary to hold a further hearing prior to addressing the TRO Motion.

**Discussion**

In evaluating a motion for a temporary restraining order, the Court examines the same four factors that apply to a motion for a preliminary injunction, that is, the likelihood the movant will succeed on the merits, that the movant is likely to suffer irreparable harm in the absence preliminary relief, that the balance of equities tips in the movant's favor, and that an injunction is in the public interest. *Voice Of The Arab World, Inc. v. MDTV Medical News Now*, *Inc.*, 645 F.3d 26, 32 (1st Cir. 2011).   While all four factors must be weighed, the moving party's

---

[1] For ease of reference, I will hereafter refer to Burrowes and Vinyl Technologies, Inc. collectively as "Vytek."

likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998). "[I]f the moving party *cannot* demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n*, 695 F.3d at 152 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002)) (emphasis added). Furthermore, the importance of whether the movant is likely to succeed on the merits "is magnified in trademark cases because the resolution of the other three factors will depend in large part on whether the movant is likely to succeed in establishing infringement." *Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 115 (1st Cir. 2006). The moving party bears the burden of proof for each of these four factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

In order to demonstrate a likelihood of success on the merits, Laser Mech must establish that it is likely to satisfy its burden on the two elements necessary to prove its underlying infringement claim, *i.e.*, "both that its mark merits protection and that the allegedly infringing use is likely to result in consumer confusion." *Borinquen Biscuit Corp.*, 443 F.3d at 116.; *see also* 15 U.S.C. § 1114(1) (a) (2006)( trademark plaintiff must demonstrate that the defendant used an imitation of its protected mark in commerce in a way that is "likely to cause confusion, or to cause mistake, or to deceive").

In support of their relative positions regarding Laser Mech's motion for a preliminary injunction, the parties relied on affidavits, exhibits and argument/proffer of counsel. While the Court intends to set up a further hearing to further flesh out certain issues relevant to the request for a preliminary injunction, the Court finds that on the record before it, for purposes of its request for temporary relief, Laser Mech has established a likelihood of success on the merits,

irreparable harm, that the equities are in its favor and that public policy favors the issuance of injunctive relief.  Therefore, Laser Mech's motion for a temporary restraining order is granted as follows:

(1) Vytek and Vytek's agents, employees and any other person in active concert or participation with Vytek are enjoined from distributing or displaying brochures or other marketing materials that display the FiberCUT mark or images of Laser Mech's FiberCUT/FiberMini laser processing head at the EASTEC trade show, scheduled to take place on May 14-16, 2013, at the Eastern State Exposition. West Springfield, Massachusetts; and

(2) Vytek is ordered to "take down" references appearing on the EASTEC trade show website to "FIBERCUT", as well as photographs showing Vytek's "FIBERCUT" branded equipment, and to contact EASTEC for purposes of such removal if necessary.

### **Security**

This Court's rules of procedure provide in relevant part that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed.R.Civ.P. 65(c).  Therefore, Laser Mech shall post a bond in the amount of $15,000 as security for the costs and damages, if any, sustained by any Vytek defendant found to have been wrongfully enjoined or restrained.

**Conclusion**

The Court will hold a further hearing on Monday, June 10, 2013 at 9:00 a.m. in Courtroom Two, United States District Court, 595 Main Street, Worcester, Massachusetts 01608 at which the parties should be prepared to present witnesses relevant to all four preliminary injunction factors[2] and, in particular, in relation to the issues of confusion and irreparable harm.[3] This Temporary Restraining Order, as set forth above, will remain in effect through the Court's ruling on Laser Mech's motion for a preliminary injunction.

**SO ORDERED**

May 9, 2013, 1:10 p.m.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[2] The Court will leave it to the parties to determine whether they want to present witness testimony on some or all of the four factors. The Court will note however, that in assessing a request for injunctive relief, it must make determinations concerning credibility. That the parties have relied on written submission, including affidavits of their principals and argument/proffer of counsel makes it difficult to access credibility. However, in light of the hyperbole, splitting of hairs, and misdirection engaged in by Vytek, primarily in its written submissions, the Court finds Vytek to be, *at best,* disingenuous. Therefore, based on the current record, issues of credibility have been resolved in Laser Mech's favor. Presentation of witness testimony *may* assist the Court in making further credibility determinations.

[3] The First Circuit has historically held that when a trademark plaintiff seeking a preliminary injunction establishes a likelihood of confusion, a presumption of irreparable harm arises because "the attendant loss of profits, goodwill, and reputation cannot be satisfactorily quantified and, thus, the trademark owner cannot adequately be compensated." *See Swarovski Aktiengesellschaft v. Building #19, Inc.*, 704 F.3d 44, 54 (1st Cir. 2013). However, although not deciding the issue, the First Circuit has suggested that the presumption of irreparable harm may no longer be viable in light of the Supreme Court's ruling in *eBay Inc. v. MercExchange, LLC*, 547 US 388, 126 S.Ct. 1837 (2006). *Id.*